UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK COURCHAINE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JANAN CAVAGNOLO,<br><br>　　　　　Respondent.[1] | No. 2:24-cv-03352-DAD-SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the petition on the basis that it is barred by the statute of limitations. ECF No. 11. The motion has been fully briefed by the parties. ECF Nos. 12-13. For the reasons discussed below, the undersigned recommends granting the motion to dismiss.

**I.　　Factual and Procedural History**

Petitioner entered a no contest plea to two counts of residential robbery in concert in Shasta County Superior Court. ECF Nos. 1, 10-1 (Abstract of Judgment). He was sentenced to 22 years in prison on January 27, 2020. ECF No. 1 at 21-23.

---

[1] Janan Cavagnolo is substituted as the proper respondent in this action as he is the Warden of California State Prison-Solano where petitioner is incarcerated. See Rule 2(a) of the Rules Governing Section 2254 Cases.

1

Petitioner first challenged this conviction by filing a habeas corpus petition in the Shasta County Superior Court on February 22, 2024.[2] ECF No. 10-2. It was denied by order dated April 25, 2024. ECF No. 10-3.

Next, petitioner filed a habeas corpus petition in the California Court of Appeal on May 9, 2024. ECF No. 10-4. It was denied on May 17, 2024. ECF No. 10-5.

Petitioner then filed a habeas petition in the California Supreme Court on May 24, 2024. ECF No. 10-6. This petition was denied on July 10, 2024. ECF No. 10-7.

Petitioner submitted a petition for writ of certiorari in the U.S. Supreme Court on July 22, 2024. See https://perma.cc/ZD6N-HPZ6 (Supreme Court Docket for Case No. 24-5458); see also ECF No. 10-8 at 143. It was denied by order dated November 4, 2024. Id.

In the present § 2254 petition, filed on November 19, 2024, petitioner challenges his state court conviction on the basis that his sentence is unlawful and that his counsel was ineffective for not challenging it. ECF No. 1.

In the motion to dismiss, respondent contends that the § 2254 petition was filed over three years after the statute of limitations expired. ECF No. 11. Specifically, respondent calculates that petitioner's conviction became final on March 27, 2020, following the expiration of the 60-day period to appeal his conviction. ECF No. 11 at 3 (citing Cal. Rules of Court, rule 8.308; Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006)). The one-year statute of limitations commenced the next day and expired on March 27, 2021. Id. Petitioner's first state habeas petition challenging his conviction was not filed until February 22, 2024, after the statute of limitations had already expired. See ECF No. 10-2. As a result, according to respondent, petitioner is not entitled to any statutory tolling of the statute of limitations. ECF No. 11 at 3. For the same reason, none of petitioner's subsequently filed state habeas petitions or petition for writ of certiorari tolled the statute of limitations. Id.

Petitioner filed an opposition to the motion to dismiss asserting that his habeas application was timely filed. ECF No. 12. He asserts that there is no statute of limitations challenging the

---

[2] All filing dates have been calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

2

execution of a sentence pursuant to 28 U.S.C. § 2241.  ECF No. 12.  Additionally, petitioner contends that the statute of limitations has not accrued because he is being unlawfully detained beyond his release date.  ECF No. 12.

Respondent argues in a reply brief that petitioner's habeas corpus petition was filed pursuant to 28 U.S.C. § 2254 and not § 2241.  ECF No. 13.  Further, "[s]tate law governing the cognizability of claims in state court is irrelevant to the applicability of the federal statute of limitation."  ECF No. 13 at 1-2.

## II.     Legal Standards

### A.  Statute of Limitations

Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court.  This one-year clock commences from several alternative triggering dates which are described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B.  Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

3

1  Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot
2  "revive" the limitations period once it has expired (i.e., restart the clock to zero). Thus, a state
3  court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the
4  limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.
5  2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

### C. Equitable Tolling

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). The Supreme Court has further clarified that the diligence required to establish entitlement to equitable tolling is not "'maximum feasible diligence'" but rather only "'reasonable diligence.'" Holland, 560 U.S. at 653 (citations omitted). However, the Ninth Circuit has cautioned that "the threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). Additionally, petitioner must demonstrate the causal relationship between the extraordinary circumstance and the untimely filing. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). With respect to equitable tolling, "the statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)).

### III.   Analysis

The court finds that petitioner's conviction became final on March 27, 2020 following the expiration of time to file a direct appeal. See 28 U.S.C. § 2244(d)(1)(A) (noting that the statute of limitations commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The one-year statute of limitations started the next day and expired one year later on **March 27, 2021,** absent any statutory or equitable tolling.

Petitioner's first state habeas petition was not filed until February 22, 2024, almost two years after the statute of limitations had already expired. Statutory tolling cannot revive a limitations period that has already expired. See Ferguson, 321 F.3d at 823. For this reason, petitioner is not entitled to any statutory tolling during the pendency of his state habeas petitions. Additionally, petitioner has not requested equitable tolling and the court cannot discern any basis in the record that would warrant such tolling of the limitations period. Thus, petitioner's 2254 application was filed over three and a half years after the statute of limitations expired. The undersigned recommends granting respondent's motion to dismiss the § 2254 petition with prejudice as untimely filed.

### IV. Plain Language Summary for Pro Se Party

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss, the court has determined that you filed your federal habeas petition too late. As a result, the claims raised in the habeas petition will not be addressed on the merits and it is recommended that your habeas petition be dismissed with prejudice.

If you disagree with this recommendation, you have 21 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district court judge assigned to your case will review the file and render the final decision.

Accordingly, IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted;
2. Petitioner's habeas corpus application (ECF No. 1) be dismissed with prejudice; and
3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issue(s). Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE