UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK COURCHAINE,

                Petitioner,

        v.

JASON CAVAGNOLO,

                Respondent.

No.  2:24-cv-03352-DAD-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION WITH PREJUDICE

(Doc. Nos. 11, 14)

Petitioner Derrick Courchaine is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 11, 2025, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 11) the petition as time-barred be granted.  (Doc. No. 14.)  Specifically, the magistrate judge concluded that the applicable one-year AEDPA statute of limitations for seeking federal habeas relief in this case expired before petitioner filed his first state habeas petition, that therefore none of his state habeas petitions resulted in the tolling of the AEDPA statute of limitations, and that he filed the pending petition before this federal court over three years after the statute of limitations to do so had run and had provided no basis for the equitable tolling of that statute of limitations.  (*Id.* at 1–5.)  The

1

pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 5–6.) To date, petitioner has not filed any objections and the time in which to do so has long since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1.   The findings and recommendations issued on September 11, 2025 (Doc. No. 14) are ADOPTED in full;

2.   Respondent's motion to dismiss the pending petition with prejudice (Doc. No. 11) is granted;

/////

/////

/////

/////

2

3.    The court DECLINES to issue a certificate of appealability; and

4.    The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 12, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE